**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

01 APR 17 PM 4: 29

**DOCKETED**
APR 1 8 2001

U.S. DISTRICT COURT

CHROMATE INDUSTRIAL CORPORATION, )
STEVEN BARBERA, BARRY D. BERESFORD, )
KIMBERLY BOURCIER, JAMES CERTA, PENNY )
CLARKIN, ROB DARLINGTON, ALAN )
DeOSUNA, AMY DROTOS, CHETT FADER, )
RANDY GARRETT, ELIZABETH GIELEGHEM, )
ISSAM HANNA, KELLY HAYES, JODIE )
KISHMARTON, DEBORAH KOCSIS, DAVID )
LETOURNEAU, JAMES MENZEL, RENEE )
MOORE, JACQUELINE NEIDING, LAURA )
O'BOYLE, TRACY SCHUSTERMAN, JAMES )
SILVA, KATRINA TABOR, DEBBIE WALTERS, )
ELIZABETH WEBB, JOHN WILHELM, JR., and )
TIM YARACS, )
                                       )
                        Plaintiffs,    )
                                       )
            -against-                  )
                                       )
LAWSON PRODUCTS, INC.,                 )
                                       )
                        Defendant.     )

**COMPLAINT**

**01C-2728**
No. 01-

**JUDGE HIBBLER**

**MAGISTRATE JUDGE NOLAN**

Plaintiffs, CHROMATE INDUSTRIAL CORPORATION ("Chromate"), STEVEN

BARBERA, BARRY D. BERESFORD, KIMBERLY BOURCIER, JAMES CERTA, PENNY

CLARKIN, ROB DARLINGTON, ALAN DeOSUNA, AMY DROTOS, CHETT FADER,

RANDY GARRETT, ELIZABETH GIELEGHEM, ISSAM HANNA, KELLY HAYES, JODIE

KISHMARTON, DEBORAH KOCSIS, DAVID LETOURNEAU, JAMES MENZEL, RENEE

MOORE, JACQUELINE NEIDING, LAURA O'BOYLE, TRACY SCHUSTERMAN, JAMES

SILVA, KATRINA TABOR, DEBBIE WALTERS, ELIZABETH WEBB, JOHN WILHELM,

JR., and TIM YARACS, (the foregoing individuals are referred to as the "Individual Plaintiffs"),

1

/-1

by their attorneys, The Krafsur Law Group, LLC, as and for their complaint against defendant, LAWSON PRODUCTS, INC. ("LAWSON"), state as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1.     This is an action for declaratory judgment seeking a declaration that: (a) the restrictive covenants contained in the Lawson Agency Agreement (the "Lawson Agency Agreements") purportedly executed by Lawson and each of Steven Barbera, Kimberly Bourcier, Kelly Hayes, Jodi Kishmarton, David Letourneau, James Menzel, Tracy Schusterman, James Silva, Elizabeth Webb, and John Wilhelm, Jr., in or about January and February, 2001, are unenforceable, (b) the restrictive covenants contained in the Premier Employment Agreement (the "Premier Employment Agreements") between each Individual Plaintiff and Premier Farnell, LLC ("Premier"), each of which now has purportedly been assigned by Premier to Defendant Lawson, are unenforceable and/or that each Individual Plaintiff has been released from his or her Premier Employment Agreement due to the conduct of Premier, the purported assignor to Lawson, and (c) the alleged "confidential information" referenced in the Lawson Agency Agreement and the Premier Employment Agreement does not constitute "trade secrets" under applicable law. (The non-competition, non-solicitation and non-disclosure provisions of the Premier Employment Agreement and the Lawson Agency Agreement are hereinafter referred to as the "restrictive covenants.") Plaintiffs do not possess all of the Lawson Agency Agreements and the Premier Agreements, but annex samples of these Agreements as Exhibits "A" and "B," respectively.

## IDENTITY OF PARTIES AND JURISDICTION

### The Plaintiffs

2.     Plaintiff Chromate is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 100 DaVinci Drive, Bohemia, New York 11716.

3.     Steven Barbera is an Ohio domiciliary who resides at 842 Forest Drive, Wooster, Ohio.

4.     Barry D. Beresford is a West Virginia domiciliary who resides at 1 Sycamore Avenue, Wheeling, West Virginia.

5.     Kimberly Bourcier is a Maryland domiciliary, who resides at 7151 Talisman Lane, Columbia, Maryland.

6.     James Certa is an Ohio domiciliary who resides at 1721 Thursby Avenue, St. Louis, Ohio.

7.     Penny Clarkin is a Louisiana domiciliary who resides at 12901 Jefferson Highway, Baton Rouge, Louisiana.

8.     Rob Darlington is a Michigan domiciliary who resides at 48 W. Kingman, Battle Creek, Michigan.

9.     Alan DeOsuna is a Washington domiciliary who resides at 23625 55th Place, Kent, Washington.

10.     Amy Drotos is an Ohio domiciliary who resides at 1501 Westford Circle, Westlake, Ohio.

11.     Chett Fader is a Michigan domiciliary who resides at 3169 Miller Road, Swartz Creek, Michigan.

12.     Randy Garrett is a Louisiana domiciliary who resides at 6210 Roddie Avenue, Harahan, Louisiana.

13.     Elizabeth Gieleghem is a Michigan domiciliary who resides at 43573 Clementine Drive, Clinton Township, Michigan.

14.     Issam Hanna is an Ohio domiciliary who resides at 2099 Brown Street, Lakewood, Ohio.

15.     Kelly Hayes is a Michigan domiciliary who resides at 22965 Gary Lane, St. Clair Shores, Michigan.

16.     Jodie Kishmarton is an Ohio domiciliary who resides at 5502 Virginia Avenue, Parma, Ohio.

17.     Deborah Kocsis is an Ohio domiciliary who resides at 6575 Hudson Avenue, Mentor, Ohio.

18.     David Letourneau is a Maryland domiciliary who resides at 9113 Cove Point Road, Baltimore, Maryland.

19.     James Menzel is a Michigan domiciliary who resides at 1440 Grinnell Avenue, Waterford, Michigan.

20.     Renee Moore is an Ohio domiciliary who resides at 14261 Bridle Traul, Strongsville, Ohio.

21.     Jacqueline Neiding is a Michigan domiciliary who resides at 45007 Oak Hill Boulevard, Utica Michigan.

22.     Laura O'Boyle is a Michigan domiciliary who resides at 306 Lakeview Avenue, Battle Creek, Michigan.

4

23.     Robert Quick is a Florida domiciliary who resides at 5504 SW 84th Drive, Gainsville, Florida.

24.     Tracy Schusterman is an Ohio domiciliary who resides at 4721 Sutton Place, Toledo, Ohio.

25.     James Silva is a Michigan domiciliary who resides at 2649 Aubrey Drive, Lake Orion, Michigan.

26.     Katrina Tabor is an Ohio domiciliary who resides at 6860 Amherst Drive, #2009, Sagamore Hills, Ohio.

27.     Debbie Walters is a Tennessee domiciliary who resides at 228 Executive Meadows Drive, Lenior City, Tennessee.

28.     Elizabeth Webb is a Michigan domiciliary who resides at 105 Hawthorne Ridge, Ridgeland, Michigan.

29.     John Wilhelm, Jr. is a Maryland domiciliary who resides at 211 Temple Drive, Bellaire, Maryland.

30.     Tim Yaracs is a Tennessee domiciliary who resides at 2136 Dougwood Creek Court, Collierville, Tennessee.

## The Defendant

31.     Defendant Lawson is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Des Plaines, Illinois.

## Jurisdiction and Venue

32.     This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. This action is brought by the Individual Plaintiffs and Chromate, a New York corporation,

5

against Lawson, a Delaware corporation. The amount in controversy exceeds the jurisdictional amount. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201.

33.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and the Lawson Agency Agreements were executed, upon information and belief, in this District.

## THE INDUSTRY

34.     Chromate, Lawson, and Premier are competitors in the maintenance, repair and operations ("MRO") industry, selling fasteners, including nuts and bolts, as well as certain chemicals, maintenance supplies and other goods. The items that are sold are generic. The potential purchasers for these products are any company or governmental entity that performs maintenance on equipment or machines. Lawson and Premier sold within the same territories, competing for the same customers.

35.     Pricing and purchasing information is freely exchanged throughout the marketplace and customers routinely show quotations and pricing to a competitor in order to get a better price.

36.     While the MRO industry is very competitive, the customers are easily found in the yellow pages, and other directories, including those prepared by chambers of commerce and other trade organizations. There are no secrets as to customer identity, pricing, or goods.

37.     None of the Individual Plaintiffs was a high-level manager or executive with Premier and none ever worked for Lawson. The information which they possess about the Premier customers was developed by the Individual Plaintiffs over their years in the industry. Upon information and belief, none of the customers at issue has a "near-permanent" relationship with Lawson or Premier.

## THE AGENCY AGREEMENTS

38.     Upon information and belief, Lawson acquired most of the assets of Premier's MRO business in an asset acquisition that closed on or about April 2, 2001. In advance of the acquisition, on or about January 26, 2001, Premier, effective on or about March 31, 2001, terminated the Premier Employment Agreements that it had with each of the Individual Plaintiffs, who were sales people employed by Premier in various states.

39.     Thereafter, upon information and belief, Lawson attempted to enter into Lawson Agency Agreements with each of the Individual Plaintiffs. Lawson and Premier told the fired Premier sales people to either sign agreements with Lawson as independent contractors (not as employees as had been the case at Premier), or face immediate dismissal. No opportunity was provided for the Individual Plaintiffs to consult with counsel or to take any time to consider their options. They were given "blank" contracts that they were asked to sign, not knowing what compensation Lawson would offer or what the terms of their retention would be, or other details of the purported offer by Lawson.

40.     Some of the fired Premier sales people refused to work for Lawson and chose, instead, to become sales agents of Plaintiff Chromate. At and around this time, Lawson threatened many of the Individual Plaintiffs with termination if they did not sign the Lawson Agency Agreement.

41.     The Individual Plaintiffs felt pressured to sign the Lawson Agency Agreements, and some were told or made to feel that if they did not sign right away they would immediately be fired from Premier, or that they would be prevented from working in MRO for two years, and that Lawson had bought their Premier non-competition covenants.

7

42.     Under duress, some of the Individual Plaintiffs, Barbera, Bourcier, Hayes, Letourneau, Menzel, Schusterman, Silva, Webb, and Wilhelm, signed Lawson Agency Agreements, none of which were to take effect until after March 30, 2001.  Upon information and belief, these purported agreements were missing essential terms.  Many of the Individual Plaintiffs, however, immediately retracted or withdrew their assent to the terms in light of the heavy-handed conduct of Lawson, or because they felt they had executed the contracts under duress.  The balance of the Individual Plaintiffs never signed the Lawson Agency Agreements. None of the Individual Plaintiffs received compensation from Defendant, and none sold product to or solicited any Lawson customers.  Many of the Individual Plaintiffs have never received copies of the Lawson Agency Agreements, despite demands for same.

43.     Many of the Individual Plaintiffs decided that the Lawson compensation package was inadequate, or that their territories would be compromised, since they would be competing against Lawson's own agents who were already selling product to the same customers serviced by the Individual Plaintiffs.

44.     Each of the Individual Plaintiffs, after being fired by Premier, chose to work for Chromate as independent sales agents.  Chromate advised each Individual Plaintiff not to maintain any materials of Premier or Lawson, which any might have had.

45.     Lawson has taken the position that it has been assigned the rights of Premier under the former Premier Employment Agreements with respect to the restrictive covenants and confidentiality provisions ("non-disclosure provisions") of the Premier Employment Agreements.  Based on the purported assignment, Lawson has asserted that it has succeeded to the rights of Premier and that Lawson has the right to enforce the interests of Premier thereunder.

8

46.    Lawson has taken the position that the identities of the customers and pricing, and similar information, of Premier and Lawson, constitutes trade secrets under the laws of Illinois and Ohio.  Lawson also claims that the names of prospective customers are trade secrets.

47.    In *Lawson Prods., Inc. v. Avnet, Inc.*, 782 F.2d 1429 (7th Cir. 1986), the Court held that Lawson's customers' identities, information and price lists were not "trade secrets" under applicable law.

48.    Lawson has taken the position that the Individual Plaintiffs cannot compete in the MRO industry, cannot solicit Premier or Lawson customers and cannot disclose or use any information concerning such customers pursuant to covenants contained in the Premier Employment Agreement and in the Lawson Agency Agreement.

49.    On or about March 7, 2001, Defendant, and Premier, commenced a suit in Cook County Circuit Court, seeking, *inter alia*, damages and injunctive relief against Plaintiff Chromate on the grounds that Chromate had tortiously interfered with the restrictive covenants and non-disclosure provisions of the Premier Employment Agreements and Lawson Agency Agreements.  The case was removed to this Court.  This Court has denied Lawson and Premier's requests for injunctive relief on at least three occasions.  A motion to dismiss the suit is pending.  The action by Premier has been stayed.

50.    By letter dated April 13, 2001, Lawson, through its counsel, wrote a letter to Plaintiff Steve Barbera, threatening him with suit and taking the position that Mr. Barbera had violated the restrictive covenants (non-competition, non-solicitation and non-disclosure provisions) contained in his Premier Employment Agreement and the Lawson Agency Agreement.  A copy of this letter is annexed hereto as Exhibit "C".

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaration That the Restrictive Covenants Contained in the Lawson Agency Agreement Are Unenforceable)

51.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 50.

52.    Lawson has taken the position that the restrictive covenants contained in the Lawson Agency Agreement are enforceable and, therefore, none of the Individual Plaintiffs can work for Chromate, sell to Lawson customers (including those acquired from Premier) or service such customer accounts.  Moreover, Lawson has taken the position that none of the Individual Plaintiffs can suggest that any of the fired Premier sales staff work for Chromate.

53.    Plaintiffs have taken the position that the restrictive covenants in the Lawson Agency Agreements are unenforceable because, inter alia, none of the Individual Plaintiffs ever worked for Lawson, such covenants are an unreasonable restraint on trade, and are overly broad and unreasonable in scope, time, and geographic area.  Plaintiffs also contend that enforcement of the restrictive covenants is contrary to public policy, and that Lawson has no legitimate business interest to protect through the Lawson Agency Agreements, since, *inter alia,* the fired Premier sales staff signed the Agreements under duress and without necessary terms included, there was a failure of consideration, and Lawson and Premier have no protectable trade secrets. Defendant's efforts to enforce the unenforceable agreements also constitute an unreasonable restraint on trade under the Illinois and federal law.

54.    Lawson, by its communication with Plaintiff Barbera, is threatening to enforce the Lawson Agency Agreement.  The foregoing conduct (and the continuation of such, or similar, conduct) by Lawson, including further and additional threats directed at any of the

10

Individual Plaintiffs, is reasonably likely to have an adverse effect on the business, assets, prospects or financial condition of Plaintiffs, or otherwise cause harm to Plaintiffs.

55.     The facts alleged present a justiciable case and/or controversy in that the parties disagree over the enforceability of the restrictive covenants contained in the Lawson Agency Agreements. Accordingly, a declaration by the Court as to the rights and obligations of the parties under the Lawson Agency Agreements is necessary.

## AS AND FOR A SECOND CAUSE OF ACTION
(Declaration That the Restrictive Covenants Contained in the Premier
Employment Agreements Are Not Enforceable)

56.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 55.

57.     Lawson has taken the position that the restrictive covenants contained in the Premier Employment Agreements are enforceable, and, therefore, none of the Individual Plaintiffs can work for Chromate, sell to Premier customers, or service such customer accounts. Moreover, Lawson has taken the position that none of the Individual Plaintiffs can suggest that any of the fired Premier sales staff work for Chromate. Lawson has taken the position that it received a valid assignment of the restrictive covenants contained in the Premier Employment Agreement.

58.     Plaintiffs have taken the position that the restrictive covenants contained in the Premier Employment Agreements are unenforceable, because inter alia, each of the Individual Plaintiffs was fired by Premier, Premier, having sold its assets to Lawson, no longer has any legitimate business interest that would be protected by a restrictive covenant, the restrictive covenants constitute an unreasonable restraint on trade, are overly broad and unreasonable in scope, time, and geographic area, and because enforcement of the restrictive covenants at issue is

contrary to public policy, and such covenants are not assignable. Defendant's efforts to enforce the unenforceable agreements also constitute an unreasonable restraint on trade under Illinois and federal law.

59.     Lawson, by its communication with Plaintiff Barbera, is threatening to enforce the Premier Employment Agreement and its purported assignment thereof. The foregoing conduct (and the continuation of such, or similar, conduct) by Lawson, including further and additional threats directed at any of the Individual Plaintiffs, is reasonably likely to have an adverse effect on the business, assets, prospects or financial condition of Plaintiffs, or otherwise cause harm to Plaintiffs.

60.     This matter presents a justiciable case and/or controversy in that the parties disagree over the enforceability of the restrictive covenants contained in the Premier Employment Agreements. Accordingly, a declaration by the Court as to the rights and obligations of the parties under the Premier Employment Agreements is necessary.

## AS AND FOR A THIRD CAUSE OF ACTION
(Declaration that the Alleged Lawson and Premier Confidential Information
Does Not Constitute Trade Secrets)

61.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 60.

62.     The Individual Plaintiffs, who never worked for Lawson, never received any information from Lawson that could constitute protectable trade secrets.

63.     The Individual Plaintiffs have knowledge of their customers solely by virtue of having worked in the industry, including while in the employ of Premier. This customer information is neither a secret now nor was it maintained as such by Premier. Premier circulated such information throughout the company. Moreover, the information is easily ascertainable by

12

asking the customers what products they buy and what prices they pay. Furthermore, the identity of customers is not a trade secret, since the names are easily found in publicly available directories and telephone books. The Lawson Products case so held.

64. This matter presents a justiciable case and/or controversy in that Plaintiffs contend that the Premier and Lawson customer names and prospective customers' names, pricing, and similar information does not constitute trade secrets under applicable law and Lawson contends that such Lawson and Premier information constitutes protectable trade secrets.

65. This matter presents a justiciable case and/or controversy in that the parties disagree over whether the Lawson and Premier "confidential information" constitutes trade secrets under applicable law, and whether the non-disclosure covenant contained in the Premier Employment Agreements and the Lawson Agency Agreements apply. Accordingly, a declaration by the Court as to the rights and obligations of the parties under the Agreements is necessary.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38, plaintiffs hereby demand a trial by jury of all issues so triable.

WHEREFORE, Plaintiffs request that this Court enter a judgment declaring that:

a. The restrictive covenants contained in the Lawson Agency Agreements are unenforceable;

b. The restrictive covenants contained in the Premier Employment Agreements are unenforceable;

c. The non-disclosure agreements contained in the Lawson Agency Agreements and the Premier Employment Agreements do not apply, inasmuch as the subject

information (including customer names, prospective customers' names, pricing, buying practices) does not constitute a trade secret;

d.  The Individual Plaintiffs may serve as sales agents for Chromate and may solicit accounts free of any restrictive covenants contained in any Lawson Agency Agreement or Premier Employment Agreement; and

e.  Such other and further relief as the Court may deem just and proper.

Dated: April 16, 2001

JAY V. KRAFSUR
The Krafsur Law Group LLC
30 North LaSalle Street, Suite 4300
Chicago, Illinois 60602-2507
(312) 899-0911(ph)
(312) 899-0220 (fx)
Firm I.D. No.: 37267

By: _Jay V. Krafsur/fd_

OF COUNSEL:

RIVKIN, RADLER & KREMER LLP
ERICA B. GARAY
EAB Plaza, West Tower
Uniondale, New York 11556-0111
(516) 357-3154

Attorneys for Plaintiffs
CHROMATE INDUSTRIAL CORPORATION
and INDIVIDUAL PLAINTIFFS

F:\DOCSOPEN\GARAY\24021.1

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or ~~other papers as required~~
by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use
of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**DOCKETED**

**APR 1 8 2001**

## I. (a) PLAINTIFFS

Chromate Industrial Corporation, et al.

## DEFENDANTS

Lawson Products, Inc.

## 01C 2728

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Suffolk Co., NY
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**JUDGE HIBBLER**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jay V. Krafsur, The Krafsur Law Group LLC
30 North LaSalle Street, Suite 4300
Chicago, IL 60602, (312) 899-0911

ATTORNEYS (IF KNOWN)

**MAGISTRATE JUDGE NOLAN**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth In Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Declaratory Judgment Action regarding enforceability of trade secret Agreement

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint

JURY DEMAND: ☒ YES ☐ NO

## VIII. This case

☒ is not a refiling of a previously dismissed action.

☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE
4/17/01

SIGNATURE OF ATTORNEY OF RECORD
Jay V. Krafsur

UNITED STATES DISTRICT COURT

1-7

**DOCKETED**

APR 1 8 2001

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

FILED-ED4

01 APR 17 PM 4: 29

In the Matter of

CHROMATE INDUSTRIAL CORPORATION, et al.,

v.

LAWSON PRODUCTS, INC.

Case Number: 01C 2728

**JUDGE HIBBLER**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff Chromate Industrial Corporation

MAGISTRATE JUDGE NOLAN

| (A) | (B) |
|---|---|
| SIGNATURE *Jay V. Krafsur /bd* | SIGNATURE |
| NAME Jay V. Krafsur | NAME |
| FIRM The Krafsur Law Group LLC | FIRM |
| STREET ADDRESS 30 North LaSalle Street, Suite 4300 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, Illinois 60602 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (312) 899-0911 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) ARDC No. 6187660 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ✔ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ✔ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

1-3